UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GLEN L. DUKES, SR.,** § | | |
| **TDCJ No. 02023028,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | CIVIL NO. SA-21-CA-01185-FB |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Glen L. Dukes, Sr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and respondent Bobby Lumpkin's Answer (ECF No. 9) thereto. Petitioner challenges the constitutionality of his 2014 state court convictions for continuous trafficking of persons, arguing (1) his trial counsel was ineffective and operated under a conflict of interest, (2) his Fourth Amendment rights were violated because police lacked probable cause for a search warrant, (3) the Thirteenth Court of Appeals erred in confirming his convictions, and (4) he received ineffective assistance of counsel on direct appeal. In his Answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

# I. Background

In November 2014, petitioner was convicted by a Bexar County jury of two counts of continuous trafficking of persons and was sentenced to life imprisonment. *State v. Dukes*, Nos. 2014CR3728 and 2014CR3729 (379th Dist. Ct., Bexar Cnty., Tex. Nov. 18, 2014); (ECF Nos. 11-1 at 158-59; 11-5 at 116-17). Petitioner's convictions were affirmed on direct appeal in an unpublished opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on January 11, 2017. *Dukes v. State*, Nos. 13-14-00731-CR and 13-14-00732-CR, 2016 WL 1393930 (Tex. App.—Corpus Christi, Apr. 7, 2016, pet. ref'd); (ECF No. 10-29); *see also Dukes v. State*, Nos. PD-0465-16 and PD-0466-16 (Tex. Crim. App.); (ECF No. 10-62).

On January 8, 2018, petitioner challenged the constitutionality of his state court convictions by filing two state habeas corpus applications. *Ex parte Dukes*, No. 88,577-01, -02 (Tex. Crim. App.); (ECF Nos. 11-37 at 5; 11-54 at 4). The Texas Court of Criminal Appeals ultimately denied the applications without written order on July 18, 2018. (ECF Nos. 11-26; 11-43). Thereafter, petitioner placed the instant federal habeas petition in the prison mail system on November 22, 2021. (ECF No. 1 at 10).

# II. Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

2

In this case, petitioner's convictions became final April 11, 2017, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying convictions expired a year later on April 11, 2018. Because petitioner did not file his § 2254 petition until November 22, 2021—over three and a half years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.   **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing under § 2244(d)(1)(B) that an impediment created by the state government which violated the Constitution or federal law prevented petitioner from filing a timely petition.[1] There also has been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-

---

[1] Although petitioner appears to argue that interference by state officials, including the state court's failure to immediately notify him of the denial of his state habeas petition, was an extraordinary circumstance that prevented him from timely filing his federal petition, such an argument is properly construed under equitable tolling principles rather than the statutory tolling exception under § 2244(d)(1)(B). *See Clarke v. Rader*, 721 F.3d 339, 343 (5th Cir. 2013) (stating the Court has "serious reservations" about whether a State's failure to notify petitioner of a denial provides a basis for a statutory tolling claim rather than merely an equitable tolling claim); *Critchley v. Thaler*, 586 F.3d 318, 321 n. 3 (5th Cir. 2009) ("[W]hen the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation.").

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, petitioner challenged the constitutionality of his state court convictions by filing two state habeas applications on January 8, 2018, which were eventually denied by the Texas Court of Criminal Appeals on July 18, 2018. Accordingly, petitioner's state habeas applications tolled the limitations period for a total of 192 days, making his federal petition due Monday, October 22, 2018.[2] Again, he did not file the instant § 2254 petition until November 22, 2021, still over three years too late.

B.     **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner contends that equitable tolling should apply because he did not receive notice that the Texas Court of Criminal Appeals denied his state habeas applications on July 18, 2018. (ECF No. 1 at 9). According to petitioner, he inquired into the status of his applications but was not notified of the state court's decision until December 1, 2020. It is without question that the

---

[2] Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

Texas Court of Criminal Appeals is legally obligated to notify a petitioner once a decision has been rendered on his habeas petition. *See* Tex. R. App. P. 77.4(a). And long delays in receiving notice of state court action may warrant equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (four-month delay may qualify for equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (finding that a delay in receiving information for "months and months" may qualify for equitable tolling). However, to warrant tolling under such circumstances, a petitioner must not only demonstrate a "substantial" delay in receiving notice of the denial of a state habeas corpus application, he must also show he "pursued the [habeas corpus relief] process with diligence and alacrity" both before and after receiving notification. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009); *Phillips*, 216 F.3d at 511 (requiring that a petitioner show diligence upon notification). Petitioner does not make this showing.

To start, petitioner provides no evidence or argument to support his assertion that he did not receive notice until December 2020. "Absent evidence in the record," this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). As discussed by respondent, the record indicates that petitioner has been housed at the Allred Unit since the time he filed his state habeas applications and that the Texas Court of Criminal Appeals sent notice to that address on July 18, 2018. (ECF No. 9-1). Thus, petitioner arguably failed to demonstrate that a "substantial" delay occurred in receiving notice.

Even assuming petitioner's assertion to be true that he did not receive notice of the denial until December 2020, he still failed to demonstrate that he pursued his rights diligently. Each of

the allegations in petitioner's federal petition concern the constitutionality of his November 2014 convictions, yet petitioner did not submit his state habeas corpus applications challenging these convictions until January 2018, a whole year after his PDR had been denied by the Texas Court of Criminal Appeals and nine months after his conviction had already become final under the AEDPA's statute of limitations.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application).

Further, when evaluating whether a petitioner diligently pursued habeas corpus relief, courts also look to how "quickly [a petitioner] pursued federal habeas relief after receiving delayed notice of the denial of his state habeas application." *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010) (unpublished).  Here, petitioner waited almost a full year after allegedly being informed of the denial of his state habeas applications in December 2020 before filing the instant federal petition in this Court.  This hardly constitutes "diligence and alacrity" in pursuing habeas corpus relief.  *Hardy*, 577 F.3d at 597-98 (finding diligence after federal petition filed within one week of notice); *Phillips*, 216 F.3d at 511 (finding diligence after one month).

Finally, even if petitioner were granted equitable tolling until December 1, 2020, his federal petition would still be untimely.  By allowing equitable tolling from the date petitioner's state habeas applications were filed (January 8, 2018) until the date he received notice (December 1, 2020), petitioner's state habeas applications tolled the limitations period for a total of 1,059 days, making his federal petition due Friday, March 5, 2021.  Again, he did not file the instant § 2254 petition until November 22, 2021, still over eight months late.  Consequently, his petition is untimely and barred by § 2244(d)(1) regardless of whether tolling applies to the late notice.

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner provided no

reasonable justification for missing the filing deadline by three years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion and Order

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Glen L. Dukes, Sr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 29th day of April, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE